CLD-022                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1968
_____

FREDERICK W. SMITH, JR., also known as Ricky,
                                                          Appellant

v.

SPRINGHILL SUITES
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:22-cv-00323)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2022

Before:  GREENAWAY, JR., MATEY, AND MCKEE, <u>Circuit Judges</u>

(Opinion filed: December 16, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Frederick Smith, Jr., appeals from the District Court's order

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissing his claims for lack of subject matter jurisdiction. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2022, Smith filed a complaint in the District Court alleging that he slipped and fell on the property of a SpringHill Suites hotel in Newark, Delaware in 2021. He claimed that he sustained several injuries as a result of his fall and sought damages from the hotel as a result. After the District Court granted Smith leave to proceed in forma pauperis, it screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court concluded that it lacked subject matter jurisdiction over Smith's complaint and dismissed it. Smith timely appealed.[1]

The District Court correctly determined that it lacked subject matter jurisdiction over Smith's claims. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). It is apparent from Smith's filings in both the District Court and on appeal that his allegations do not form any basis for federal question jurisdiction.[2] See 28 U.S.C. § 1331. There is also no basis for

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Smith's complaint for lack of subject matter jurisdiction. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] Although Smith mentions 42 U.S.C. § 1983 in some of his filings, that reference does not aid him in securing federal jurisdiction. Even setting aside the fact that Smith's complaint included no factual allegations of a civil rights violation, § 1983 permits suit

2

diversity jurisdiction, as Smith's filings indicate that both parties are citizens of Delaware.  See 28 U.S.C. § 1332(a)(1); Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state.").

Finally, the District Court did not abuse its discretion in declining to grant Smith an opportunity to amend his complaint, as doing so would have been futile under the circumstances of this case.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); cf. Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir. 1992).  Smith's filings do not indicate that he seeks relief against any other party or for any reason other than his alleged fall.

Accordingly, we will summarily affirm the District Court's judgment.

---

against "persons" who are state actors for purposes of that statute, and there is no indication that the sole defendant in this case — a private hotel — fits either threshold requirement.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004).

3